IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JACKIE LYNN REYES, )
)
      Plaintiff, )
)
V. ) No. 3:07-CV-89
) (VARLAN/SHIRLEY)
STATE OF TENNESSEE DEPARTMENT OF )
HUMAN RESOURCES, et al., )
)
      Defendants. )

## REPORT AND RECOMMENDATION

This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b). The undersigned files this Report and Recommendation for the District Judge to whom the case is assigned.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. See also Neitzke v. Williams, 490 U.S. 319 (1989).[1]

Plaintiff has filed a form "COMPLAINT FOR MANDAMUS AND INJUNCTIVE RELIEF." [Doc. 1-3]. The claims and allegations therein are unintelligble and devoid of any coherent legal or factual grounds. From this Complaint, it is impossible for the undersigned to determine the nature of any "federal claim" being made or the legal or factual basis for any such

---

[1] Plaintiff herein is apparently not a prisoner. However, 28 U.S.C. § 1915, despite its references to prisoners, is not limited to prisoner suits. United States v. Floyd, 105 F.3d 274, 276 (6th Cir. 1997), superseded on other grounds, Callihan v. Schneider, 178 F.3d 800 (6th Cir. 1999); Powell v. Hoover, 956 F. Supp. 564, 566 (M.D. Pa. 1997).

"federal claim." Plaintiff cites as a jurisdictional basis 28 U.S.C. § 1331 (federal question jurisdiction), but the only alleged federal claim or relief sought is the request to mandate the U.S. Attorney to "perform his duties pursuant to federal law." However, exactly what acts the plaintiff wants the U.S. Attorney to do is impossible to determine. At best it appears that the plaintiffs are dissatisfied with their bankruptcy proceedings and contend some type of conspiracy to defraud exists, though the elements of such have not been shown through the pleadings. Plaintiff apparently seeks injunctive relief for certain alleged matters that are related to state law (eviction from her residence [¶ 11], and failure of State Department of Human Resources to pay her rightful benefits [¶ 12].

It does not appear that Plaintiff's Complaint states any legally cognizable claim under the Constitution or under 42 U.S.C. § 1983 or any other federal statute. Plaintiff does not appear to state any violation of any federal constitutional or statutory rights. Certainly, none can be deciphered from the pleadings by the undersigned.

Accordingly, it is **RECOMMENDED** that the Complaint be **DISMISSED** under 28 U.S.C. § 1915(e) as frivolous, for failure to state a federal claim upon which relief can be granted, but without prejudice to the plaintiff's rights to re-file here or to file claims in State Court. This Complaint lacks any arguable basis for a recovery in Federal Court. Neitzke, 490 U.S. at 325.

This matter is to be presented to a District Judge pursuant to this Report and Recommendation under the authority of <u>Gibson v. R.G. Smith Co.</u>, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[2]

                                                Respectfully submitted,

                                                <u>  s/ C. Clifford Shirley, Jr.  </u>
                                                United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide <u>de novo</u> review where objections to this report and recommendation are frivolous, conclusive or general. <u>Mira v. Marshall</u>, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. <u>Smith v. Detroit Federation of Teachers</u>, 829 F.2d 1370 (6th Cir. 1987).